UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SIDNEY GENTRY,
        Plaintiff,

    v.                                Case No. 20-C-1912

KELLEY SCHANEN,
LINDA ZIGNEGO,
JOSEPH MCLEAN,
JANG-JUNE CHEN, and
SHLEA CARTER,
        Defendants.

## ORDER

Pro se plaintiff Sidney Gentry, who is currently confined at the Dodge Correctional Institution, filed this case alleging that the defendants violated his constitutional rights when he was confined at the Milwaukee Secure Detention Facility. According to the operative complaint, the plaintiff developed lumps in his breast after taking the drug Risperdal. ECF No. 11 at 2. I screened that complaint and allowed the plaintiff to proceed on a Fourteenth Amendment claim against Dr. Jang-June Chen and Dr. Joseph McLean based on allegations that they prescribed the plaintiff Risperdal but did not inform him of the side effects of the medication. ECF No. 12 at 3. I also allowed the plaintiff to proceed on a Fourteenth Amendment claim against Nurse Kelley Schanen, Nurse Linda Zignego, and Nurse Shlea Carter based on allegations that they distributed the medication to the plaintiff but failed to inform the plaintiff of potential side effects. *Id.*

The defendants filed motions for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies. ECF Nos. 46, 51, 54, 67. They contend they

are entitled to summary judgment because the plaintiff has not filed any inmate complaints regarding the claims in this case.

## I. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## II. DISCUSSION

The Prison Litigation Reform Act (PLRA) provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Seventh Circuit takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Under the Wisconsin Department of Corrections (DOC) Inmate Complaint Review System (ICRS), "[b]efore an inmate may commence a civil action or special proceeding, the inmate shall exhaust all administrative remedies the department has promulgated by rule." Wis. Admin. Code § DOC 310.05. "An inmate may use the ICRS to raise issues regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code § DOC 310.06(1).

To fully exhaust administrative remedies in Wisconsin, the inmate must file a complaint with the institution complaint examiner within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). Each complaint may contain "only one clearly identified issue." Wis. Admin. Code § DOC 310.07(5). The institution complaint examiner shall accept the complaint, return it, or reject it. Wis. Admin. Code § DOC 310.10(2). When a complaint is accepted, the institution complaint examiner sends a recommendation to the appropriate reviewing authority to affirm or dismiss the complaint. Wis. Admin. Code § DOC 310.10(9), (12). The reviewing authority shall affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(2). An inmate may appeal the reviewing authority's decision within fourteen days after the date of decision. Wis. Admin. Code § DOC 310.12(1). The corrections complaint examiner may accept, return, or recommend rejection of an appeal or complaint. Wis. Admin. Code § DOC 310.12(2). For all accepted appeals, the corrections complaint examiner shall recommend that the reviewing authority's decision be affirmed or dismissed and send its recommendation to the secretary of the DOC. Wis. Admin. Code § DOC 310.10(9). The secretary shall affirm or dismiss the correction complaint examiner's recommendation or return the appeal for further investigation. Wis.

Admin. Code § DOC 310.13(2). The secretary's decision is final. Wis. Admin. Code § DOC 310.13(3).

The defendants submitted evidence that the plaintiff has not filed any ICRS inmate complaints regarding his claims in this case. Indeed, there is no ICRS record for the plaintiff. ECF Nos. 48, ¶ 7; 52, ¶ 3; 56, ¶ 5; 70, ¶ 6. In other words, the plaintiff did not file any records related to inmate complaints and appeals and likewise did not file any complaint related to the claims in this case. ECF No. 48, ¶ 48.

In response to the defendants' motions for summary judgment, the plaintiff filed a document entitled motion for summary judgment. ECF No. 77.[1] In this filing, the plaintiff reiterates his allegations that Dr. Chen and Dr. McLean prescribed him Risperdal, that Nurses Zignego, Carter, and Schanen distributed the medication to him, and that the defendants did not inform him of the side effects of the medication. *Id.* at 1–2. The plaintiff references his original complaint in which he alleged that he took Risperdal from December 12, 2019, through May 22, 2020, and that he stopped taking it when he noticed he was developing lumps in his breast. *Id.* at 1.[2] He goes on to state that he filed two complaints at MSDF and that he is "almost 100 percent sure that the staff at MSDF didn't turn" in his complaints in part because he was leaving the institution that day to transfer to the Racine County Jail. ECF No. 77 at 3. According to the plaintiff, MSDF staff may have destroyed his medical records and complaints. *Id.* at 2.

---

[1] The plaintiff does not argue that he is entitled to summary judgment. Because this filing merely responds to the defendants' motion, I will construe the document at ECF No. 77 as the plaintiff's response brief.

[2] In the original complaint, the plaintiff also alleged that he received results from an x-ray on April 5, 2020, that the Risperdal had caused gynecomastia in his right breast, and that nurses told him he should file a report. ECF No. 1 at 2–3.

The plaintiff's response is not sworn or verified and therefore does not create a factual dispute on the exhaustion issue. *See* Fed. R. Civ. P. 56(c).[3] Even if the plaintiff had submitted an affidavit or declaration supporting his statement that he submitted two inmate complaints, he does not state which issues he raised in those complaints. Without that information, I could not conclude that the complaints served to exhaust the claims in this case. In addition, the plaintiff states that he thinks MSDF did not turn in his complaints because he was transferring that day to the Racine County Jail. But DOC records indicate that the plaintiff transferred to the Racine County Jail on December 29, 2020. ECF No. 78-1 at 2. Assuming the plaintiff submitted inmate complaints on or around December 29, 2020, the complaints would have been untimely based on the allegation that the plaintiff developed his condition in May 2020. *See* Wis. Admin. Code § DOC 310.07(2). Moreover, if the plaintiff submitted two complaints on December 29, 2020, then he could not have completed the exhaustion process before filing this case on December 28, 2020. *See Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) ("By its plain terms, the PLRA requires prisoners to exhaust administrative remedies before filing suit; a 'sue first, exhaust later' approach is not acceptable.").

Based on the defendants' undisputed evidence, I find that the plaintiff failed to exhaust his administrative remedies before filing this case. I will therefore grant the defendants' motions for summary judgment and dismiss this case without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

---

[3] The plaintiff also did not sign this filing. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the party's attention. Fed. R. Civ. P. 11(a). Because this decision dismisses the case, it is not necessary to give the plaintiff an opportunity to sign his response.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that defendant McLean's motion for summary judgment for failure to exhaust administrative remedies (ECF No. 46) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Zignego's motion for summary judgment for failure to exhaust administrative remedies (ECF No. 51) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Carter and Schanen's motion for summary judgment for failure to exhaust administrative remedies (ECF No. 54) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Chen's motion for summary judgment for failure to exhaust administrative remedies (ECF No. 67) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Federal Rules of Appellate Procedure 3 & 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The

court cannot extend either of these deadlines. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 4th day of May, 2022.

/s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge